IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRYKER CORPORATION, STRYKER EUROPEAN OPERATIONS HOLDINGS LLC and STRYKER SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROVENTION, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 21-36 (CFC) (JLH)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE PLEADINGS ON DEFENDANT'S
FOURTH DEFENSE PURSUANT TO FED. R. CIV. P. 12(C) AND 12(H)**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................1

II. NATURE AND STAGE OF THE PROCEEDING .........................................1

III. SUMMARY OF ARGUMENT..................................................................2

IV. STATEMENT OF FACTS .......................................................................3

V. LEGAL STANDARD .............................................................................3

VI. ARGUMENT........................................................................................5

VII. CONCLUSION...................................................................................12

# **TABLE OF AUTHORITIES**

## **CASES**

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,*
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................4

*Bayer CropScience AG v. Dow AgroSciences, LLC,*
    No. 10-1045-RMB-JS, 2011 WL 6934557 (D. Del. Dec. 30, 2011)..................6, 7

*Bench Walk Lighting LLC v. Everlight Elecs. Co.,*
    No. 20-49-RGA, 2020 WL 5128086 (D. Del. Aug. 31, 2020)...........................5, 8

*Blanchette v. Providence & Worcester Co.,*
    428 F. Supp. 347 (D. Del. 1977).............................................................................8

*Bonavitacola Elec. Constr. v. Boro Dev., Inc.,*
    No. 01-5508, 2003 WL 329145 (E.D. Pa. Feb. 12, 2003) ......................................5

*Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.,*
    No. 17-1154-CFC, 2019 WL 3497105 (D. Del. Aug. 1, 2019).................... passim

*Covertech Fabricating, Inc. v. TVM Bldg. Prod., Inc.,*
    855 F.3d 163 (3d Cir. 2017)............................................................................ 7, 10

*Hollander v. Ranbaxy Lab'ys Inc.,*
    No. 10- 793, 2011 WL 248449 (E.D. Pa. Jan. 24, 2011).......................................5

*In re Sterten,*
    546 F.3d 278 (3d Cir. 2008)...................................................................................4

*Inst. Invs. Grp. v. Avava, Inc.,*
    564 F.3d 242 (3d Cir. 2009)...................................................................................5

*John Bean Techs., Corp. v. Morris & Assocs., Inc.,*
    887 F.3d 1322 (Fed. Cir. 2018)....................................................................... 6, 10

*Mele v. Fed. Res. Bank of N.Y.,*
    359 F.3d 251 (3d Cir. 2004)...................................................................................4

*Network Caching Tech., LLC v. Novell, Inc.,*
    No. 01-2079, 2001 WL 36043487 (N.D. Cal. Dec. 31, 2001)...............................2

*SCA Hygiene Prods. AB v. First Quality Baby Prods., LLC*,
    137 S. Ct. 954 (2017) ................................................................................................... 10

*Scholle Corp. v. Blackhawk Molding Co.*,
    133 F.3d 1469 (Fed. Cir. 1998) ..................................................................................... 6

*Shapiro v. UJB Fin. Corp.*,
    964 F.2d 272 (3d Cir. 1992) ................................................................................... 10, 11

*Sikirica v. Nationwide Ins. Co.*,
    416 F.3d 214 (3d Cir. 2005) ........................................................................................... 4

*Soc'y Hill Civic Ass'n v. Harris*,
    632 F.2d 1045 (3d Cir. 1980) ......................................................................................... 4

*Sonos, Inc. v. D&M Holdings Inc.*,
    No. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016) ....... passim

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
    630 F. Supp. 2d 395 (D. Del. 2009) ............................................................... passim

*Wang Lab'ys v. Mitsubishi Elecs. Am.*,
    103 F.3d 1571 (Fed. Cir. 1997) ................................................................................ 8, 9

*Winbond Elecs. Corp. v. Int'l Trade Comm'n*,
    262 F.3d 1363 (Fed. Cir. 2001) ..................................................................................... 9

**RULES**

Fed. R. Civ. P. 12(c) .............................................................................................. 1, 3, 4, 8

Fed. R. Civ. P. 12(h) ..................................................................................................... 1, 3, 11

Fed. R. Civ. P. 8 .............................................................................................................. 2

Fed. R. Civ. P. 9(b) .................................................................................................. passim

**OTHER AUTHORITIES**

Hearing Transcript, *AMO Dev., LLC v. Alcon Vision LLC*,
    No. 20-842-CFC (D. Del. May 13, 2021) ..................................................................... 5

Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.) .................................. 11

iii

I. **INTRODUCTION**

Plaintiffs Stryker Corporation, Stryker European Operations Holdings LLC, and Stryker Sales, LLC ("Stryker") respectfully move pursuant to Federal Rules of Civil Procedure 12(c) and 12(h) for judgment on the pleadings on Defendant MicroVention, Inc.'s ("Defendant") Fourth Defense of "Waiver, Estoppel, Acquiescence, Unclean Hands, and Implied License." Defendant's pleading is limited to a single, conclusory sentence without any supporting factual allegations. But those defenses are subject to Rule 9(b), which required Defendant to plead them "with particularity." *Cephalon, Inc. v. Slayback Pharma Ltd. Liab. Co.*, No. 17-1154-CFC, 2019 WL 3497105, at *1 (D. Del. Aug. 1, 2019) (quoting Fed. R. Civ. P. 9(b)). Defendant failed to do so. The pleadings are closed. Accordingly, Stryker requests that the Court grant judgment on the pleadings as to Defendant's Fourth Defense.

II. **NATURE AND STAGE OF THE PROCEEDING**

Stryker filed its Complaint on January 14, 2021, alleging infringement of U.S. Patent No. 10,265,075. (D.I. 1.) The '075 patent is titled "Intra-Aneurysm Devices" and is directed to novel aneurysm devices. Defendant infringes the '075 patent claims by making, using, selling, offering to sell, and/or importing into the United States the Woven EndoBridge Aneurysm Embolization Systems.

On March 8, 2021, Defendant filed its Answer, which pleads eleven defenses. (D.I. 9 at 10-13.) Defendant's Fourth Defense states that Stryker's patent infringement claims are barred by "waiver, estoppel, acquiescence, unclean hands, and/or implied license." (*Id.* at 11.)

The parties met and conferred on July 21, 2021. Stryker sought the factual basis, if any, for Defendant's Fourth Defense. Defendant disagreed that its Fourth Defense was insufficiently pled and refused to withdraw its pleading. Defendant's stated position is that its Fourth Defense does not sound in fraud and is subject only to the pleading standard of Rule 8, not Rule 9(b). Defendant did not dispute that its Fourth Defense fails to set forth specific facts, and acknowledged its intent to seek through discovery information that may support its defense.

The pleadings are closed and a trial is scheduled for May 22, 2023. (D.I. 15.)

### III. SUMMARY OF ARGUMENT

Defendant's Fourth Defense pleads waiver, estoppel, acquiescence, unclean hands, and implied license, all of which sound in fraud. Accordingly, courts in this District require that these equitable defenses be pled with "the specificity required under Rule 9(b)." *Cephalon*, 2019 WL 3497105, at *1 (quoting *Network Caching Tech., LLC v. Novell, Inc.*, No. 01-2079, 2001 WL 36043487, at *4 (N.D. Cal. Dec. 31, 2001)). The particularity requirement "avoid[s] surprise and undue prejudice" to the plaintiff. *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395,

2

409 (D. Del. 2009). Where—as here—a defense is based only on a "conclusory allegation" that "clearly fails to meet Rule 9(b)'s particularity requirement," judgment on the pleadings is appropriate. *Cephalon*, 2019 WL 3497105, at *1. Defendant's Fourth Defense is exactly that. It contains only a bare-bones, conclusory allegation unsupported by any facts. Defendant's Fourth Defense does not satisfy the standard of Rule 9(b) as a matter of law, subjects Stryker to an unfair risk of surprise, and opens the door to needless and expensive discovery.

IV.   **STATEMENT OF FACTS**

Defendant's Fourth Defense states in its entirety:

> Stryker's claims are barred by equitable doctrine of waiver, estoppel, acquiescence, unclean hands, and/or implied license due to Stryker's knowledge of MicroVention's allegedly infringing actions, and its unjustified failure to pursue infringement claims diligently from the time it became aware that it allegedly had claims against MicroVention.

(D.I. 9 at 11.) Defendant's Answer does not plead any specific facts to support the allegation. Though Stryker requested that factual basis and asked why Defendant omitted any factual basis from its pleading, Defendant disagreed that its Fourth Defense was insufficiently pled and declined to withdraw its pleading.

V.   **LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In turn, Rule 12(h)(2)(B) provides that failure to "state a legal defense to a claim may be raised . . . by a motion under Rule 12(c)." Judgment on the pleadings is appropriate where

3

the "movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). "In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings." *Mele v. Fed. Res. Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004).

"[The] purpose of requiring the defendant to plead available affirmative defenses in [its] answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *In re Sterten*, 546 F.3d 278, 285 (3d Cir. 2008) (citations omitted). Requiring affirmative defenses to be based on factual allegations "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Affirmative defenses sounding in fraud are subject to the heightened standard of Rule 9(b)—namely, that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]" The requirement applies to all the defenses at issue: waiver, *see Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA-MPT, 2016 WL 4249493, at *5 (D. Del. Aug. 10, 2016), *report and recommendation adopted*, 2016 WL 4581078 (D. Del. Sept. 1, 2016); estoppel, *see*

4

*id.*; acquiescence, *see id.* at *5–6; unclean hands, *see Cephalon*, 2019 WL 397105, at *1; and implied license, *see Sun*, 630 F. Supp. 2d at 411. The defendant "must plead the who, what, when, where, and how of the fraud." *Hollander v. Ranbaxy Lab'ys Inc.*, No. 10-793, 2011 WL 248449, at *3 (E.D. Pa. Jan. 24, 2011) (first citing *Inst. Invs. Grp. v. Avava, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009); and then citing *Bonavitacola Elec. Constr. v. Boro Dev., Inc.*, No. 01-5508, 2003 WL 329145, at *6 (E.D. Pa. Feb. 12, 2003)). When these defenses are based on a "factual deficiency," dismissal is appropriate. *Bench Walk Lighting LLC v. Everlight Elecs. Co.*, No. 20-49-RGA, 2020 WL 5128086, at *1 (D. Del. Aug. 31, 2020); *see also* Ex. A, Hearing Transcript, *AMO Dev., LLC v. Alcon Vision LLC*, No. 20-842-CFC (D. Del. May 13, 2021), D.I. 132-2 at 355:2–356:10 (granting Rule 12(f) motion to strike inadequately pled defenses of waiver, estoppel, acquiescence, and unclean hands).

VI.    **ARGUMENT**

This District's precedent confirms that Defendant was required to plead all of the equitable defenses at issue with particularity—and certainly more than bare-bones pleadings in the Answer.

***(1) Waiver.*** A properly pled waiver defense must detail: (1) an existing right; (2) knowledge of the right; and (3) an actual intention to relinquish the right. *Sonos*, 2016 WL 4249493, at *5 (citing *Sun*, 630 F. Supp. 2d at 409). Courts in this District have recognized that Defendant's waiver defense sounds in fraud and is subject to

5

the heightened pleading standard of Rule 9(b). *See id.* For example, the court in *Sonos* struck the defendant's waiver defense where "[n]o allegations suggest[ed] Sonos's actual intent to relinquish its patent rights." *Id.* Likewise, here, none of Defendant's allegations suggest Stryker's actual intent to relinquish its patent rights.

**(2) Estoppel.** A properly pled estoppel defense requires factual allegations that: (1) Stryker, as the patentee, *through misleading conduct*, led Defendant to reasonably infer that Stryker did not intend to enforce its '075 patent against Defendant; (2) Defendant relied on that conduct; and (3) due to that reliance, Defendant will be materially prejudiced if Stryker proceeds with its patent infringement claims. *See John Bean Techs., Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1327 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 806 (2019) (citing *Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469, 1471 (Fed. Cir. 1998)).

In turn, misleading conduct requires plausibly pleading "specific statements, action, inaction, or silence where there was an obligation to speak." *Id.* (quoting *Scholle*, 133 F.3d at 1471). As courts in this District have recognized, "misleading conduct by the patent holder [is] one of" the elements of estoppel, invoking Rule 9(b). *Bayer CropScience AG v. Dow AgroSciences, LLC*, No. 10-1045-RMB-JS, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011); *see also Sonos*, 2016 WL 4249493, at *5 ("An element of estoppel is fraud or misrepresentation, which requires the defense to be pled with particularity under Fed. R. Civ. P. 9(b).").

6

*Bayer* is instructive. There, the court dismissed the defendant's affirmative defense of equitable estoppel because the defendant failed to plead its defense with the particularity required by Rule 9(b). 2011 WL 6934557, at *3. Similarly, in *Sonos*, the court struck the defendant's estoppel defense where its "conclusory allegation provide[d] no basis for any misleading conduct." 2016 WL 4249493, at *5. Like the defendants in *Bayer* and *Sonos*, Defendant failed to plead this defense with particularity under Rule 9(b).

**(3) *Acquiescence*.** A properly pled acquiescence defense requires factual allegations that: (1) Stryker actively represented that it would not assert a right or claim; (2) the delay between the representation and assertion of that right or claim was not excusable; and (3) the delay resulted in undue prejudice. *Covertech Fabricating, Inc. v. TVM Bldg. Prod., Inc.*, 855 F.3d 163, 175 (3d Cir. 2017). "For this defense to apply, the narrow question is whether [Stryker's] conduct amounted to recognition and acceptance." *Sonos*, 2016 WL 4249493, at *6. Defendant has not pled any facts to demonstrate either.

**(4) *Unclean Hands*.** A properly pled unclean hands defense must detail: "(1) the party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to matter in issue (4) that injures other party (5) and affects balance of equities between litigants." *Sonos*, 2016 WL 4249493, at *5 (quoting *Sun*, 630 F. Supp. 2d at 410). Unclean hands

sounds in fraud and is subject to Rule 9(b).  *See, e.g.*, *Cephalon*, 2019 WL 3497105, at *1 (granting Rule 12(c) motion on defendant's unclean hands defense where defendant's conclusory allegation failed to meet Rule 9(b)'s particularity requirement); *Bench Walk Lighting*, 2020 WL 5128086, at *1 (granting motion to strike affirmative defense of "waiver, estoppel, and/or unclean hands" where defendant did not plead "sufficient (or, indeed, any) facts to support the" defense); *Sonos*, 2016 WL 4249493, at *5 (granting motion to strike unclean hands defense where defendant "ha[d] not pled any facts to suggest misconduct by" plaintiff).

Accordingly, the alleged conduct "must have an immediate and necessary relationship to the equity which [the plaintiff] seeks to obtain in the matter in litigation."  *Sun*, 630 F. Supp. 2d at 410 (alteration in original) (quoting *Blanchette v. Providence & Worcester Co.*, 428 F. Supp. 347, 357 (D. Del. 1977)).  Defendant has not pled any facts to suggest that Stryker engaged in misconduct "involving fraud, deceit, unconscionability, or bad faith" that is "directly related to matter in issue," *Sonos*, 2016 WL 4249493, at *5, let alone the other elements of an unclean hands defense.

***(5) Implied License.***  An implied license "signifies a patentee's waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing the patented invention."  *Sun*, 630 F. Supp. 2d at 411 (quoting *Wang Lab'ys v. Mitsubishi Elecs. Am.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997)).  "An implied

8

license may be established by: (1) equitable estoppel, (2) acquiescence, (3) conduct, or (4) legal estoppel." *Id.* (citing *Wang*, 103 F.3d at 1580). Here, Defendant has not alleged the existence of an implied license by any means.

First, an implied license by equitable estoppel requires proof that, *inter alia*, "the patentee, through statements or conduct, gave an affirmative grant of consent or permission to make, use, or sell to the alleged infringer." *Winbond Elecs. Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1374 (Fed. Cir. 2001); *see also Wang*, 103 F.3d at 1581. Defendant has failed to allege any specific facts to support an allegation that Stryker affirmatively granted consent or permission to Defendant to make, use, or sell its patented technology.

Second, an implied license by acquiescence arises where a "plaintiff was bound to know that the royalties it received were for devices corresponding to the patent in suit, [thus justifying] defendant . . . in concluding that plaintiff consented to the manufacture of the accused devices within the scope of the asserted patent." *Sun*, 630 F. Supp. 2d at 411 (alteration in original) (citation omitted). Defendant has made no allegations of any such arrangement between it and Stryker.

Finally, implied license by conduct or by legal estoppel requires that the plaintiff (Stryker) have received consideration from the defendant (MicroVention) in exchange for the granting of the right. *See id.* (citation omitted). Here, Defendant

9

has not alleged any facts suggesting that Stryker received any consideration from Defendant in exchange for the use of the '075 patent.

No pleaded or plausibly inferable facts from Defendant's Answer support any of the requisite legal elements. Defendant's Fourth Defense leaves Stryker (and the Court) guessing as to what signaled Stryker's alleged "actual intention to relinquish" its rights, *Sun*, 630 F. Supp. 2d at 409 (waiver), the source of its alleged "obligation to speak," *John Bean*, 887 F.3d at 1327 (estoppel), how it "actively represented that it would not assert a right or claim," *Covertech*, 855 F.3d at 175 (acquiescence), why it is accused of "fraud, deceit, unconscionability, or bad faith," *Sun*, 630 F. Supp. 2d at 410 (unclean hands), or what signified its "waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing the patented invention," *id.* at 411 (implied license).

Instead, Defendant's Fourth Defense merely references Stryker's alleged knowledge of Defendant's activities and decision not to sue earlier. Defendant's allegation is tantamount to asserting the defunct defense of laches, which the Supreme Court abolished in patent cases. *SCA Hygiene Prods. AB v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 961 (2017).

Moreover, Defendant's contention that its Fourth Defense is not subject to Rule 9(b) because it is not based on fraud carries little weight. The formal label of "fraud" is not required for Rule 9(b) to apply. *See Shapiro v. UJB Fin. Corp.*, 964

F.2d 272, 287 (3d Cir. 1992). Even if a claim or defense "does not allege fraudulent intent," Rule 9(b) still applies when a claim or defense asserts that a party "'intentionally,' 'knowingly,' or 'recklessly' *misrepresented and omitted to represent* certain material information." *Id.* (emphasis added). Equitable estoppel requires "*misleading* conduct" and unclean hands requires "conduct involving *fraud*, *deceit*, *unconscionability*, or *bad faith*." *Sonos*, 2016 WL 4249493, at *5 (emphases added). There can be little doubt that such conduct sounds in fraud, invoking Rule 9(b). Defendant's assertion also underscores why Stryker's motion should be granted: Defendant's Answer lacks factual allegations, making it impossible to glean the basis of its Fourth Defense, fraud or otherwise, and cannot provide fair notice to Stryker. Furthermore, the defenses of waiver, estoppel, acquiescence, unclean hands, and implied license must be pled with particularity *before* their proponent is entitled to seek supporting discovery. Allowing Defendant to plead and keep these defenses in this case while waiting for discovery that may or may not substantiate its allegation would defeat the purposes of Rule 9(b).

Because Defendant's Fourth Defense "fails to state a legal defense to a claim" under Rule 12(h)(2), judgment on the pleadings is appropriate to "determine the sufficiency of the [defense] before proceeding any further and investing additional resources in it." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.).

11

## VII. CONCLUSION

For the foregoing reasons, Stryker respectfully requests that the Court grant judgment for Stryker on Defendant's Fourth Defense.

OF COUNSEL:

Michael A. Morin
Ashley M. Fry
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
(202) 637-2298
michael.morin@lw.com
ashley.fry@lw.com

Gregory K. Sobolski
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 395-8035
greg.sobolski@lw.com

July 23, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs Stryker Corporation, Stryker European Operations Holdings LLC, and Stryker Sales, LLC*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations specified in Local Rule 7.1.3 and the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare this document, the brief contains 2653 words. This total excludes the Cover Page, Signature Block, Table of Contents, Table of Authorities, Certificate of Compliance and Certificate of Service.

I further certify that this brief complies with the typeface requirements set forth in the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases because this brief was prepared using Microsoft Word in 14-point Times New Roman font.

/s/ *Jeremy A. Tigan*
Jeremy A. Tigan (#5239)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 23, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Michael E. Zeliger, Esquire<br>Ranjini Acharya, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304-1115<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Austin M. Schnell, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>401 Congress Avenue, Suite 1700<br>Austin, TX 78701<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Evan Finkel, Esquire<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>725 South Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)